IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

QUINTEZ ALEXANDER GRAYSON, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 13-0623-WS-M
:
ROBERT NIELSEN, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Robert Nielsen and against Petitioner Quintez Alexander Grayson pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of robbery first degree in the

Mobile County Circuit Court on August 28, 2008 for which he received a sentence of ninety-nine years in the state penitentiary (Doc. 1, p. 2; Doc. 13, p. 2 and Exhibit A, p. 2). Grayson did not appeal his conviction or sentence (Doc. 1, p. 3; *see also* Doc. 13, p. 2).

Petitioner filed a Rule 32 petition on July 21, 2009 (Doc. 13, Exhibit B, pp. 5-12) that was denied on November 19, 2010 (Doc. 13, Exhibit B, pp. 24-25). Grayson did not appeal the denial (*see* Doc. 13, p. 3; *see also* Exhibit B, pp. 3-4).

Petitioner filed a second Rule 32 petition on June 5, 2012 (Doc. 13, Exhibit C, pp. 14-29) that was denied as successive and time-barred (*id.* at pp. 58-61). The Alabama Court of Criminal Appeals affirmed the denial (Doc. 13, Exhibit G). That same Court then overruled Grayson's application for rehearing (Doc. 13, Exhibit I). On December 6, 2013, the Alabama Supreme Court denied Petitioner's petition for writ of *certiorari* and issued a certificate of judgment (Doc. 13, Exhibit K).

Petitioner filed a complaint with this Court on December 16, 2013 raising the following claims: (1) His attorney rendered ineffective assistance, leading to an excessive sentence; and (2) the trial court erred in not granting discovery (Doc. 1).

Respondent has answered the petition, arguing that it

Mobile County Circuit Court on August 28, 2008 for which he received a sentence of ninety-nine years in the state penitentiary (Doc. 1, p. 2; Doc. 13, p. 2 and Exhibit A, p. 2). Grayson did not appeal his conviction or sentence (Doc. 1, p. 3; *see also* Doc. 13, p. 2).

Petitioner filed a Rule 32 petition on July 21, 2009 (Doc. 13, Exhibit B, pp. 5-12) that was denied on November 19, 2010 (Doc. 13, Exhibit B, pp. 24-25). Grayson did not appeal the denial (*see* Doc. 13, p. 3; *see also* Exhibit B, pp. 3-4).

Petitioner filed a second Rule 32 petition on June 5, 2012 (Doc. 13, Exhibit C, pp. 14-29) that was denied as successive and time-barred (*id.* at pp. 58-61). The Alabama Court of Criminal Appeals affirmed the denial (Doc. 13, Exhibit G). That same Court then overruled Grayson's application for rehearing (Doc. 13, Exhibit I). On December 6, 2013, the Alabama Supreme Court denied Petitioner's petition for writ of *certiorari* and issued a certificate of judgment (Doc. 13, Exhibit K).

Petitioner filed a complaint with this Court on December 16, 2013 raising the following claims: (1) His attorney rendered ineffective assistance, leading to an excessive sentence; and (2) the trial court erred in not granting discovery (Doc. 1).

Respondent has answered the petition, arguing that it

should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 13, pp. 5-9).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on October 9, 2008, the last day that he could file an appeal of his conviction and sentence.  Ala.R.App.P.4(b)(1).[1]  The next day, the AEDPA limitations clock began to run and did not stop until July 21, 2009, the day he filed his first State Rule 32 petition.  AEDPA

---

[1]"In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."

states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The Court notes that 285 days had run on the AEDPA clock at the time Grayson filed his first petition.

Petitioner's first petition was denied on November 19, 2010. Grayson filed no appeal, so the judgment on his first State Rule 32 petition became final on December 31, 2010. The next day, the AEDPA limitations clock began again, running until June 5, 2012 when he filed his second Rule 32 petition. A period of 522 days ran between the closing of the first and the opening of the second Rule 32 petitions. The addition of 285 and 522 days results in a sum of 807 days on the AEDPA clock.

Judgment on Grayson's second Rule 32 petition was entered on December 6, 2013. The next day, the AEDPA clock began to run again, running for ten days before he filed this action. Ten more days on the AEDPA clock means that a total of 817 days passed on the AEDPA clock before this action was filed. Subtracting 365 days from 817 leaves 452 days on the AEDPA clock. Clearly, Petitioner's habeas corpus petition was filed

4

well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d)(1)(A).

Grayson has asserted, however, that the Court should consider that he has met the limitations period because his claim in this Court could not be perfected until the United States Supreme Court entered its ruling in *Lafler v. Cooper*, --- U.S. ---, 132 S.Ct. 1376 (2012). The Court notes that the AEDPA statute accommodates such an argument in that the limitations period can be found to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

Petitioner has argued that *Lafler* and its companion case, *Missouri v. Frye*, --- U.S. ---, 132 S.Ct. 1399 (2012), created a new rule of law in extending the right of effective assistance of counsel to the plea-bargaining process. Grayson asserts that he was sentenced to seventy-nine more years than was necessary because of his attorney's ineffectiveness (Docs. 1, 15). In explaining how this came to be, Grayson has only stated that his attorney "failed to properly advise the petitioner that the offer of the state was the minimum sentence the petitioner could receive" (Doc. 1, p. 12).

5

*Lafler*, however, did not create a new rule of law. The *Lafler* Court clearly stated that "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler*, 132 S.Ct. at 1384 (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The Court also noted that it had previously held that "'the two-part *Strickland v. Washington*,[2] test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Lafler*, 132 S.Ct. at 1384 (*quoting Hill v. Lockhart*, 474 U.S. 52 (1985)). While *Lafler* provided instructions for how to consider assertions of this type, the claim clearly existed at the time of Grayson's conviction. Therefore, the Court finds that Petitioner's claim that he is not barred by AEDPA under § 2244(d)(1)(C) is without merit.

Grayson goes on to assert that the Court should consider this action to equitably toll the statute of limitations because of his diligence in pursuing his claims. The Eleventh Circuit Court of Appeals has held that § 2244 permits equitable tolling "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th

---

[2]*Strickland v. Washington*, 466 U.S. 668 (1984).

6

Cir. 2000) (quoting *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999)). The *Steed* Court stated that "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly. Mere attorney negligence does not justify equitable tolling. An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling." *Steed*, 219 F.3d at 1300 (internal citations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied sub nom. Drew v. Crosby*, 537 U.S. 1237 (2003). Because of the difficult burden placed on petitioners, the Eleventh Circuit has "rejected most claims for equitable tolling." *Diaz v. Secretary for Department of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

The Court finds that Grayson has not equitably tolled the AEDPA statute in bringing this action. The evidence clearly shows that Petitioner has not been diligent in pursuing his assertion of ineffective assistance of counsel. Specifically, the history of Grayson's "diligence" is as follows: Petitioner did not file any appeal of his conviction or sentence; he waited more than nine months before filing his first Rule 32 petition and did not appeal the denial of that motion; and he waited nearly eighteen months more before filing his second Rule 32

petition. These lengthy time periods do not convey diligence. Furthermore, the Court finds that Grayson has not demonstrated extraordinary circumstances that interfered with his ability to pursue his claims.

In light of the foregoing, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations. Because petitioner did not file his habeas corpus petition until December 16, 2013, well over a year after the one-year limitations period expired, it is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Robert Nielsen and against Petitioner Quintez Alexander Grayson pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute

8

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Grayson has not filed this action in a timely fashion, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that he should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of

9

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 3rd day of June, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE